THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ERNEST A. STEUDING and MORGAN D. RYAN, Defendants.

Third Department, April 23, 1959.

*Bernard Tompkins, Special Assistant Attorney-General,* for plaintiff.

*N. Le Van Haver* for Morgan D. Ryan, defendant.

FOSTER, P. J.   Defendant Ryan has been indicted by a Grand Jury at Extraordinary Term of the Supreme Court for the County of Ulster, N. Y., for the crime of conspiring to bribe public officers in violation of section 378 of the Penal Law, and of giving an officer bribes in violation of section 1822 of the Penal Law.

He moves to dismiss the indictment found against him on the ground that he obtained immunity when he appeared before the Grand Jury under the compulsion of a subpœna, refused to sign a waiver of immunity, and was then examined concerning the matters for which he was thereafter indicted.   The motion comes to us directly under the provisions of section 149 of the Judiciary Law.

The issue of this motion involves fundamentally the validity and effect to be given to section 2447 of the Penal Law.   Prior to the enactment of this section the rule in this State was that if a prospective defendant was subpœnaed before a Grand Jury and refused to sign a waiver of immunity, but nevertheless was examined and gave incriminating testimony he automatically obtained immunity.   This rule undoubtedly stemmed from the constitutional provision that no person " shall be compelled to be a witness against himself ".   (N. Y. Const., art. I, § 6.)   A proceeding before a Grand Jury was deemed a criminal case and the subpœna a form of compulsion (*People* v. *Gillette,* 126 App. Div. 665; *People* v. *De Feo,* 308 N. Y. 595, 603).

Section 2447 of the Penal Law, enacted in 1953, provided for a new procedure in dealing with a prospective defendant witness, which, if a valid exercise of legislative power, supersedes and renders nugatory the rule of which the *Gillette* case was the leading exponent.   Its final paragraph provides that immunity shall not be conferred except in accordance with its pro-

visions; in other words, automatic immunity is wiped out. It would be quibbling I think to attempt a distinction between "obtaining" immunity as a matter of law under the *Gillette* rule and having immunity "conferred" under section 2447. Without quoting the section in full suffice it to say that it provides in substance that if immunity is to be obtained a prospective defendant witness must first assert his privilege; in other words, refuse to answer, and then if he is directed to answer by a competent authority, such as the Grand Jury or the presiding Justice, he obtains immunity for any incriminating testimony he may give.

In the present case it is clear to me at least that the defendant was cast in the role of a prospective defendant when he first appeared before the Grand Jury in response to a subpœna. The Special Prosecutor very fairly warned him that any testimony he gave might be used against him in a criminal proceeding, and I think it is fair to say that some of the testimony he gave furnished at least a link in the chain of evidence supporting the indictment. Defendant claimed no privilege so far as the evidence with which we are immediately concerned is involved, and quite patently he made no effort to comply with section 2447 by asserting any privilege against self incrimination. He was willing to sign a waiver of immunity as to his acts as an official of the Ulster County Welfare Department but the indictment here and the problem presented have nothing to do with that proposition.

Thus we are brought squarely to the issue of the validity of section 2447. If the provisions of the section are a valid exercise of legislative power, i.e., merely procedural matters that do not impair the constitutional prohibition against self incrimination then defendant did not obtain immunity. In this connection it may be noted that the language of the constitutional prohibition says nothing about claiming a privilege; it is just a flat interdict against compelling any person to be a witness against himself. It must be agreed that it is beyond the power of the Legislature to whittle down or impair in any degree this constitutional restraint. The *Gillette* case (126 App. Div. 665, 668, *supra*) construed the meaning to be attached to the constitutional prohibition and said flatly of the defendant there: "It was a violation of his constitutional right to require him to attend before the grand jury and take an oath." Insofar as pertinent here the language of the Constitution was the same when section 2447 was enacted as it was when the *Gillette* case was decided. Therefore we have a situation where a con-

stitutional construction enunciated by the courts and accepted as authoritative is changed by legislative enactment. Ordinarily such a change should only be made by constitutional amendment. As a result of the legislative change a prospective defendant is not left free and untrammeled to rely on the protection afforded him by the Constitution. He is required to assert a privilege, which may be demanded of one who is merely a witness, but should not be required from a prospective defendant.

I find some support for this conclusion in the language of the opinion in the *De Feo* case (308 N. Y. 595, 603–604, *supra*). In commenting upon the construction placed upon the section by the Appellate Division it was there stated in part " the statute was designed to shift the decision in the first instance to the witness by requiring him to claim his privilege in advance of testifying, if he was to obtain immunity. In other words, it is the responsibility of the witness to alert the prosecutor as to his option of abandoning the inquiry if he does not wish to grant immunity, or to override the privilege asserted and accord immunity in exchange for testimony. *However desirable and advantageous that may be in theory to the prosecutor in the conduct of an investigation into a public or private transaction, matter or thing, it is not at all consonant with constitutional protection accorded an individual when testimony is compelled as to his own acts or conduct.*" (Emphasis supplied.)

While it is true that the court in that case did not hold the statute in question to be unconstitutional in so many words nevertheless such an implication seems to be inherent in the language quoted. The issue is one of paramount importance because if section 2447 is not a valid exercise of legislative power then the rule enunciated in the *Gillette case* (*supra*) is still the law of this State and will affect many matters now and in the future brought before grand juries.

The indictment should be dismissed on the ground that the defendant obtained immunity, and that section 2447 of the Penal Law is unconstitutional insofar as it provides that compliance with its provisions is the only manner in which immunity may be conferred.

BERGAN and GIBSON, JJ. (dissenting). The power of the Legislature to compel testimony which may disclose the witness' crime, in return for immunity which shall be adequate, is fundamental. (*Matter of Rouss,* 221 N. Y. 81, 86.) The statute presently attacked (Penal Law, § 2447) is clearly the product of long and expert study and unquestionably

was enacted in complete familiarity with the constitutional principles and limitations which had received judicial recognition over many years. (Cf. N. Y. State Crime Comm. [3d Report, 1953], p. 15; N. Y. Legis. Doc., 1953, No. 68, p. 15; 1943 Report of N. Y. Law Rev. Comm., p. 33 *et seq.*, 1943 N. Y. Legis. Doc. No. 65 [b].) The statute seems to us a valid exercise of legislative power. It cannot, in any event, be said to have been so applied in the case before us as to infringe upon any constitutional right of the defendant. The prevailing opinion recognizes that defendant was " very fairly warned * * * that any testimony he gave might be used against him in a criminal proceeding ". Thus he was accorded the constitutional protection which was denied the defendant in *People* v. *De Feo* (308 N. Y. 595, 604) and, that being so, must be deemed to have intelligently and effectively waived immunity.

COON and HERLIHY, JJ., concur with FOSTER, P. J.; BERGAN and GIBSON, JJ., dissent and vote to deny the motion in a memorandum.

Motion granted and indictment dismissed.